IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MARK DEWAYNE HOLLINS,

                Plaintiff,

v.

C/O GITZELLE and MARDELL PETRAS,

                Defendants.

OPINION and ORDER

08-cv-377-slc

---

On July 22, 2008, Judge Crabb granted plaintiff leave to proceed in forma pauperis on his claims that defendants violated his rights under the First Amendment free exercise clause and the Religious Land Use and Institutionalized Persons Act when they deprived him of the opportunity to attend Jumah services and receive halal meals. On September 24, 2008, the parties consented to my jurisdiction pursuant to 28 U.S.C. § 636(c)(1).

Now before the court is defendants' motion for summary judgment on the ground that plaintiff failed to exhaust his administrative remedies on his claims. I will grant defendants' motion for summary judgment and dismiss plaintiff's claims without prejudice for his failure to exhaust his administrative remedies.

UNDISPUTED FACTS

On March 31, 2008, while plaintiff was incarcerated at the Dodge Correctional Institution in Waupun, Wisconsin, he filed an offender complaint with the Inmate Complaint Examiner Joanne Bovee. He claimed that defendant Correctional Officer Gitzelle did not allow

him to participate in Jumah services while in housing unit 22.  Bovee returned the materials to him advising him to attempt to resolve the issues by contacting the Unit 22 Sergeant or Captain Larsen and then to submit to her the written documentation of his attempts.  On April 4, 2008, plaintiff sent follow-up materials to Bovee regarding the issue of participating in Jumah services stating that he had submitted the proper complaints to the unit sergeant and Captain Larsen.  On April 7, 2008, Bovee returned plaintiff's materials to him stating:

> Contact with Sgt. Peachy reveals he is working on this issue with you and is monitoring it on the unit.  As such, you will need to continue working with the Unit Staff until there is a resolution, Sgt. Peachy informed this ICE he would be off until Tuesday 4/8/08 but that he was working on the issue.  You will need to be patient.

Plaintiff did not re-file this offender complaint concerning being denied to attend Jumah services.

In late April 2008, plaintiff was transferred to Columbia Correctional Institution in Portage, Wisconsin. Defendant Mardell Petras is the program director at Columbia Correctional Institution.  On April 21, 2008, plaintiff filed an inmate complaint regarding his religious diet. He did not appeal the reviewing authority's decision to the Corrections Complaint Examiner. On June 26, 2008 , plaintiff filed another inmate complaint alleging that he had not been called to Jumah services in the last three months.  On June 27, 2008, plaintiff filed an inmate complaint regarding his halal diet.  Without waiting for responses to his inmate complaints, plaintiff filed this lawsuit on July 1, 2008.

On July 22, 2008, the corrections complaint examiner notified plaintiff that the appeals of his complaints concerning denial of religious services and his religious diet had been received.

OPINION

Under 42 U.S.C. § 1997e(a), a prisoner must exhaust all available administrative remedies before filing a lawsuit in federal court, that is, exhaustion of administrative remedies is a condition precedent to suit, *Dixon v. Page*, 291 F.3d 485, 488 (7th Cir. 2002). This means that the prisoner must "properly take each step within the administrative process," *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002), which includes following instructions for filing the initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005), as well as filing all necessary appeals, *Burrell v. Powers*, 431 F.3d 282, 284-85 (7th Cir. 2005), "in the place, and at the time, the prison's administrative rules require," *Pozo*, 286 F.3d at 1025. Thus, if prison officials reject a grievance for failing to comply with a procedural requirement and they decline to address the merits of the grievance, the general rule is that the prisoner has not exhausted his administrative remedies and any lawsuit the prisoner later files must be dismissed. *Dixon*, 291 F.3d 485 (prisoner did not exhaust when, after he did not receive relief he was promised, he did not appeal to next level of review); *Lewis v. Washington*, 300 F.3d 829 (7th Cir. 2002) (prison officials failure to respond to prisoner's previous grievances did not exempt him from having to appeal the grievance they did respond to); *Pozo*, 286 F.3d at 1025. In determining whether a plaintiff exhausted his

3

available administrative remedies, defendants have the burden to prove that plaintiff failed to comply with § 1997e(a). *Jones v. Bock*, 549 U.S. 199 (2007).

Wisconsin inmates have access to an administrative grievance system governed by the procedures set out in Wis. Admin. Code §§ DOC 310.01-310.18. Under these provisions, prisoners start the complaint process by filing an inmate complaint with the institution complaint examiner. An institution complaint examiner may investigate inmate complaints, reject them for failure to meet filing requirements or recommend to the appropriate reviewing authority (the warden or designee) that the complaint be granted or dismissed. Wis. Admin. Code § DOC 310.07(2). However, if the institution complaint examiner makes a recommendation that the complaint be granted or dismissed on its merits, the appropriate reviewing authority may dismiss, affirm or return the complaint for further investigation. Wis. Admin. Code § DOC 310.12. If an inmate disagrees with the decision of the reviewing authority, he may appeal to a corrections complaint examiner, who is required to conduct additional investigation, when appropriate, and make a recommendation to the Secretary of the Wisconsin Department of Corrections. Wis. Admin. Code § DOC 310.13. Within ten working days following receipt of the corrections complaint examiner's recommendation, the Secretary must accept the recommendation in whole or with modifications, reject it and make a new decision or return it for further investigation. Wis. Admin. Code § DOC 310.14.

Under some circumstances, an inmate complaint may be rejected before it is passed along to a reviewing authority. These circumstances include instances in which the complaint is untimely. Wis. Admin. Code § DOC 310.11(5)(d). When an inmate's complaint is rejected, the prisoner may appeal the rejection to the appropriate reviewing authority (usually the warden), who may review only "the basis for the rejection of the complaint." Wis. Admin. Code § DOC 310.11(6). If an inmate appeals the rejection of his complaint to the warden and the warden agrees that the rejection is inappropriate, the inmate's complaint is returned to the institution complaint examiner for review on the merits. At that point, the inmate has to appeal any unfavorable decisions using the procedures described in Wis. Admin. Code § DOC 310 before a federal court can find that he exhausted his administrative remedies.

Plaintiff does not dispute that he did not file a completed offender complaint concerning his claim that defendant Gitzelle failed to allow him to participate in Jumah services at the Dodge Correctional Institution. Therefore, plaintiff has failed to exhaust his administrative remedies concerning his claim against defendant Gitzelle, and defendants' motion for summary judgment on this claim will be granted and the claim will be dismissed without prejudice.

Plaintiff did file offender complaints at Columbia Correctional Institution concerning his claims that he was not allowed to participate in Jumah services or to receive a halal diet. Nonetheless, he did not appeal to the corrections complaint examiner regarding the reviewing authority's decision on his April 21, 2008 complaint about his halal diet. Further, although

plaintiff did appeal the reviewing authority's decision on his June 2008 complaints concerning Jumah services and a halal diet, he filed this lawsuit before filing his appeals of the inmate complaint examiner's decision.  Before filing this lawsuit, plaintiff did not exhaust his administrative remedies on his claims that defendant Petras failed to allow him to participate in Jumah services and failed to provide him a halal diet.  Therefore, I must grant defendants' motion for summary judgment and dismiss these claims without prejudice.

ORDER

IT IS ORDERED that :

1.  Defendants' motion for summary judgment, dkt. #15, is GRANTED.

2.  Plaintiff's claims that defendants violated his rights under the First Amendment free exercise clause and the Religious Land Use and Institutionalized Persons Act when they deprived him of the opportunity to attend Jumah services and receive halal meals are DISMISSED without prejudice for plaintiff's failure to exhaust his administrative remedies.

Entered this 21st day of 2008.

BY THE COURT:

/s/
_____
STEPHEN L. CROCKER
Magistrate Judge